```
 1  Breck E. Milde, Esq. (State Bar No.: 122437)
    Mark W. Good, Esq. (State Bar No.: 218809)
 2  TERRA LAW LLP
    177 Park Ave., Third Floor
 3  San Jose, CA 95113-2336
    Telephone: (408) 299-1200
 4
    Attorneys for Defendant and Counterclaimant
 5  International Contact Technologies Incorporated
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MESATRONIC USA, INC.,<br><br>    Debtor.<br>_____<br><br>MOHAMED POONJA, TRUSTEE,<br><br>    Plaintiff,<br>v.<br><br>INTERNATIONAL CONTACT<br>TECHNOLOGIES INCORPORATED,<br><br>    Defendant.<br>_____<br><br>INTERNATIONAL CONTACT<br>TECHNOLOGIES INCORPORATED,<br><br>    Counterclaimant,<br>v.<br><br>MOHAMED POONJA, TRUSTEE,<br><br>    Counterdefendant. | Case No. 08-53287 RLE<br><br>Chapter 7<br><br>Adversary Proceeding No.: 09-05049<br><br>**COUNTERCLAIM FOR:**<br><br>1. **Breach of Contract**<br>2. **Declaratory Relief**<br>3. **Money Had and Received**<br>4. **Negligence**<br><br>**DEMAND FOR JURY TRIAL** |

1

COUNTERCLAIM

Defendant and Counterclaimant International Contact Technologies Incorporated ("ICT") alleges as follows:

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1367(a).

## COMMON ALLEGATIONS

2. ICT is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut.

3. ICT is informed and believes, and thereon alleges, that plaintiff and counterdefendant Mohamed Poonja ("Trustee") is the standing chapter 7 trustee appointed in the above-captioned bankruptcy case.

4. On or about June 23, 2008, debtor filed a voluntary petition under chapter 7 of the United States Bankruptcy Code. Thereafter, Trustee was appointed.

5. On or about July 2, 2008, ICT contacted Trustee regarding ICT's desire to purchase certain equipment included within the assets of debtor's bankruptcy estate. At that time, Trustee advised ICT that Trustee was selling "all" assets of debtor. Trustee further informed ICT that debtor's assets subject to sale were in the possession of Spire Manufacturing, Inc. ("Spire"), a company in the same industry as debtor and ICT, and that ICT could inspect the assets at Spire's premises.

6. ICT's representative did examine the assets at Spire's premises, and confirmed that the assets included a "PRVX3 System," which was of particular interest to ICT and was the most valuable piece of equipment owned by debtor. ICT was advised during the physical inspection that all of debtor's equipment was on Spire's premises. ICT was advised later at the auction conducted by Trustee that all of debtor's equipment at Spire's premises belonged to debtor's bankruptcy estate and was being sold, except for two laptop computers. Based on the representations of Trustee and a physical inspection of the assets, ICT decided to bid on the assets. Upon Trustee's request, ICT sent a deposit of $36,000 to Trustee so that it would be eligible to participate in the auction conducted by Trustee for the sale of debtor's assets.

7. An auction was held by Trustee on or about September 24, 2008 via telephone. Spire, which retained physical possession of the debtor's assets, was the only other bidder at the auction besides ICT. ICT was the successful bidder, bidding the amount of $250,000 for purchase of debtor's assets. After the auction, ICT was directed by Trustee to remove the assets from Spire's premises.

8. ICT agreed (with the concurrence of the Trustee and Spire's attorney) to make payment of the balance and remove the assets from Spire's premises on September 29, 2008. ICT's representative arrived with a check, as agreed, at Spire's premises on September 29, 2008.

9. While at Spire's premises, ICT's representative was denied access to the assets purchased and was removed from the premises. Spire appeared to be using some of the assets and showed no inclination to release them.

10. Subsequent to September 29, 2008, Trustee advised ICT that a list of equipment previously provided to ICT was not accurate, that some of the listed items were not present, and that the PRVX3 System was not part of the equipment sold at auction as it was not owned by debtor. Trustee further advised ICT that the software integrated in the equipment ICT bid on and purchased at auction, and which was necessary to run the equipment, was not included in the assets purchased by ICT.

11. In response to these revelations, ICT demanded that the assets that ICT understood that it had purchased at auction be delivered to it, or that ICT receive an appropriate credit for the missing assets. Trustee's response to ICT was "sue me."

12. ICT is informed and believes, and thereon alleges, that subsequent to Trustee's breach of his agreement to sell debtor's assets to ICT, the assets were removed from Spire's premises and sold to a third party. Trustee has failed and refused to return the $36,000 deposit paid by ICT to Trustee, and Trustee has filed an adversary proceeding against ICT alleging that ICT is obligated to pay damages to Trustee.

COUNTERCLAIM

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

13. ICT refers to and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs of this Counterclaim.

14. On or about September 29, 2008, pursuant to an auction in the Bankruptcy Court, ICT and Trustee entered an agreement whereby ICT agreed to purchase, and Trustee agreed to sell, certain assets of debtor, including equipment with integrated software, and a PRVX3 System.

15. ICT has performed all of its obligations required of it to be performed, except as prevented Trustee or excused by law.

16. Trustee breached the agreement by failing to deliver to ICT the assets purchased by ICT at auction under the terms agreed to.

17. As a direct and proximate result of Trustee's breach of contract, ICT has suffered damages, including but not limited to the $36,000 retained by Trustee, and other general and special damages according to proof.

WHEREFORE, ICT prays for judgment as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

18. ICT refers to and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs of this Counterclaim.

19. An actual controversy has arisen and now exists between ICT and Trustee with respect to the parties' obligations following the auction conducted by Trustee of the assets comprising debtor's bankruptcy estate. ICT contends it is not bound to pay the balance of the purchase price, and ICT further contends that it is entitled to a refund of its $36,000 deposit. Trustee, on the other hand, contends that ICT is bound by and must pay to Trustee the bid made by ICT at auction, subject to certain offsets, and that Trustee is not obligated to refund ICT's $36,000 deposit.

20. ICT desires a judicial declaration of its rights and duties with respect to the matters alleged hereinabove. A judicial declaration is necessary and appropriate at this time under the

circumstances in order that the parties may ascertain their rights and duties with respect thereto.

WHEREFORE, ICT prays for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(Money Had and Received)

21. ICT refers to and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs of this Counterclaim.

22. Within the last two years, in the State of California, Trustee became indebted to ICT in the sum of $36,000 for money had and received by Trustee for the use and benefit of ICT.

23. Although due demand has been made, Trustee has failed and refused to make any payment to ICT. There is now due, owing and payable to ICT by Trustee the amount of $36,000, with interest thereon at the rate prescribed by law.

WHEREFORE, ICT prays for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION

(Negligence)

24. ICT refers to and incorporates herein by reference each and every allegation set forth in the foregoing paragraphs of this Counterclaim.

25. Trustee is required by law to collect and liquidate property of debtor's bankruptcy estate, and to account for and keep a record of receipts of and disposition of money and property received. 11 U.S.C. §704(a); Fed. R. Bankr. P. 2015(a). Trustee further owed ICT a duty to employ reasonable and customary controls, accounting practices and/or procedures and to correctly and properly inventory debtor's assets and to exercise reasonable and ordinary care in the supervision, management and control of the auction and the pre- and post-auction events.

26. Trustee breached his statutory and common law duties by failing to account for and keep a record of receipts of debtor's property and assets, by failing to employ reasonable and customary controls, accounting practices and/or procedures or to properly inventory debtor's assets, and by failing to exercise reasonable and ordinary care in the supervision, management and control of the auction and pre- and post-auction events, as hereinabove alleged.

COUNTERCLAIM

27. As a proximate result of Trustee's negligence, ICT has suffered general and special damages as hereinabove alleged.

WHEREFORE, ICT prays for judgment as follows:

### PRAYER

1. For in the sum of $36,000.00;
2. For interest thereon as provided by law;
3. For general and special damages;
4. For a judicial determination that ICT is under no obligation to pay the balance of the purchase price claimed by Trustee, and that ICT is entitled to a refund of its $36,000 deposit;
5. For legal costs and expenses; and
6. For such other and further relief that the court may deem just and proper.

Dated: April 7, 2009         TERRA LAW LLP


By: /s/ Breck E. Milde
Breck E. Milde
Attorneys for Defendant and
Counterclaimant International
Contact Technologies Incorporated

### DEMAND FOR JURY TRIAL

ICT demands trial by jury on each claim that may be decided by a jury.

Dated: April 7, 2009         TERRA LAW LLP


By: /s/ Breck E. Milde
Breck E. Milde
Attorneys for Defendant and
Counterclaimant International
Contact Technologies Incorporated

COUNTERCLAIM