Barry Milgrom, State Bar No. 99961
LUCE, FORWARD,
HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
bmilgrom@luce.com

Counsel for MOHAMED POONJA,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MESATRONIC USA, INC.<br><br>Debtor. | Case No. 08-53287 RLE<br>Chapter 7<br>Honorable Roger L. Efremsky |
| MOHAMED POONJA, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL CONTACT TECHNOLOGIES INCORPORATED,<br><br>Defendant. | Adversary Proceeding No. 09-05049<br><br>**ANSWER TO COUNTERCLAIM** |
| INTERNATIONAL CONTACT TECHNOLOGIES INCORPORATED,<br><br>Counterclaimant,<br><br>v.<br><br>MOHAMED POONJA, TRUSTEE,<br><br>Counterdefendant. | |

Counterdefendant Mohamed Poonja, Trustee ("Trustee") answers the Counterclaim for: 1. Breach of Contract; 2. Declaratory Relief; 3. Money Had and Received; and 4. Negligence

1

("Counterclaim") as follows:

1. Answering paragraph 1, the Trustee admits that this Court has jurisdiction pursuant to 28 U.S.C. § 157(b). Except as expressly admitted herein, the Trustee denies each and every allegation in this paragraph.

2. Answering paragraph 2, the Trustee admits that International Contact Technologies, Inc. ("ICT") is a corporation incorporated under the laws of the State of Connecticut. The Trustee is without current knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and on that basis denies each and every such allegation.

3. Answering paragraph 3, the Trustee admits each and every allegation in this paragraph.

4. Answering paragraph 4, the Trustee admits each and every allegation in this paragraph.

5. Answering paragraph 5, the Trustee admits that ICT contacted him about possibly bidding on certain equipment of the bankruptcy estate of Debtor, that he informed ICT that the equipment was located on certain premises of Spire Manufacturing, Inc. ("Spire") and that he informed ICT that it could inspect the equipment on the Spire premises. Except as expressly admitted herein, the Trustee denies each and every allegation in this paragraph.

6. Answering paragraph 6, the Trustee admits that a purported representative of ICT went to examine the assets at the premises of Spire and that ICT sent a deposit of $36,000 to the Trustee to allow it to participate in the auction. Except as expressly admitted herein, the Trustee denies each and every allegation in this paragraph.

7. Answering paragraph 7, the Trustee admits that an auction was held on or about September 24, 2008 via telephone, that Spire was the only bidder at the auction besides ICT and that ICT was the high bidder at $250,000. Except as expressly admitted herein, the Trustee denies each and every allegation in this paragraph.

8. Answering paragraph 8, the Trustee admits that ICT agreed to make payment of the balance of the purchase price and to remove the assets from Spire's premises. Except as expressly

admitted herein, the Trustee denies each and every allegation in this paragraph.

9. Answering paragraph 9, the Trustee denies each and every allegation contained in this paragraph.

10. Answering paragraph 10, the Trustee denies each and every allegation in this paragraph.

11. Answering paragraph 11, the Trustee denies each and every allegation in this paragraph.

12. Answering paragraph 12, the Trustee admits that, after ICT breached its agreement, and after ICT was given but refused to accept multiple additional opportunities to perform on the contract, the Trustee mitigated his damages by having the assets moved off of Spire's premises and sold to a third party. The Trustee further admits that he has refused to return the $36,000 deposit paid by ICT and filed and adversary proceeding, which says what it says. Except as expressly admitted herein, the Trustee denies each and every allegation in this paragraph.

13. Answering paragraph 13, the Trustee incorporates his answers to paragraph 1 through 12 above.

14. Answering paragraph 14, the Trustee admits that he entered into an agreement whereby ICT agreed to purchase and the Trustee agreed to sell all the bankruptcy estate's right, title and interest in and to certain assets of the estate. Except as expressly admitted herein, the Trustee denies each and every allegation in this paragraph.

15. The Trustee denies each and every allegation contained in paragraphs 15, 16 and 17 of the Counterclaim.

16. Answering paragraph 18, the Trustee incorporates his answers to paragraphs 1 through 17 above.

17. Answering paragraph 19, the Trustee admits that a controversy has arisen and exists between ICT and the Trustee concerning the auction. The Trustee's position is set forth in the Complaint and ICT's position is set forth in the Counterclaim. Except as expressly admitted herein, the Trustee denies each and every allegation in this paragraph..

18. Answering paragraph 20, the Trustee is without current knowledge or information

sufficient to form a belief as to the truth of the allegations in that paragraph and on that basis denies each and every such allegation.

19. Answering paragraph 21, the Trustee incorporates his answers to paragraphs 1 through 20 above.

20. The Trustee denies each and every allegation contained in paragraphs 22 and 23 of the Counterclaim.

21. Answering paragraph 24, the Trustee incorporated his answers to paragraphs 1 through 23 above.

22. Answering paragraph 25, the Trustee admits that 11 U.S.C. § 704(a) and Bankruptcy Rule 2015(a) say what they say. The Trustee denies each and every other allegation contained in paragraph 25.

23. The Trustee denies each and every allegation contained in paragraphs 26 and 27 of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense, the Trustee alleges that the Counterclaim and each cause of action therein fails to state a claim on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As the second, separate and affirmative defense, the Trustee alleges that ICT claims are barred by the equitable doctrines of laches, unclean hands, estoppel and waiver.

## THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense, the Trustee alleges that, at all relevant times, ICT had a duty to take reasonable action to minimize and mitigate the damages allegedly sustained as a result of the facts alleged in the Counterclaim. The Trustee is informed and believes, and on that basis alleges, that ICT failed to comply with that duty and is therefore barred from recovering any damages that might have been reasonably avoided.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and affirmative defense, the Trustee alleges that ICT was negligent about the matters alleged in the Counterclaim and that said negligence proximately contributed to

Case: 09-05049   Doc# 8   Filed: 05/04/09   Entered: 05/04/09 15:18:50   Page 4 of 5

4

the injuries allegedly suffered by ICT and bars any recovery to the extent thereof.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and affirmative defense, the Trustee alleges that ICT or other parties were the sole or legal cause of ICT's alleged damages, if any, so that such comparative fault was a substantial contributing cause, reducing the liability of the Trustee proportionate to such negligence of other parties.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and affirmative defense, ICT has failed to allege any basis for the recovery of attorney's fees, if any are claimed.

DATED: May 4, 2009            LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
    Barry Milgrom
    Attorneys for Counterdefendant MOHAMED
    POONJA, Trustee