```
 1  Breck E. Milde, Esq. (State Bar No.: 122437)
    Mark W. Good, Esq. (State Bar No.: 218809)
 2  TERRA LAW LLP
    177 Park Ave., Third Floor
 3  San Jose, CA 95113-2336
    Telephone: (408) 299-1200
 4
    Attorneys for Defendant and Counterclaimant
 5  International Contact Technologies Incorporated
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 08-53287 RLE |
| MESATRONIC USA, INC., | Chapter 7 |
| Debtor. | Adversary Proceeding No.: 09-05049 |
| | **ICT'S CASE MANAGEMENT CONFERENCE STATEMENT** |
| MOHAMED POONJA, TRUSTEE, | Date: November 19, 2009 |
| Plaintiff, | Time: 2:30 p.m. |
| v. | |
| INTERNATIONAL CONTACT TECHNOLOGIES INCORPORATED, | |
| Defendant. | |
| INTERNATIONAL CONTACT TECHNOLOGIES INCORPORATED, | |
| Counterclaimant, | |
| v. | |
| MOHAMED POONJA, TRUSTEE, | |
| Counterdefendant. | |

A. Counsel for defendant and counterclaimant International Contact Technologies Incorporated ("ICT") and counsel for plaintiff and counterdefendant Mohamed Poonja ("Trustee") have met and conferred regarding the management of this case on several occasions, including on July 23, 2009, and November 12, 2009.

B. This action arises from the sale of the assets of debtor Mesatronic USA, Inc. ("Mesatronic"). Based on representations by Trustee and his agents, as well as its inspection of the assets, at an auction conducted by Trustee ICT bid the sum of $250,000 for all of the bankruptcy estate's right, title and interest to said assets. Prior to the auction, which was conducted by telephone, ICT deposited $36,000 with Trustee so it would be eligible to participate in the auction. When ICT attempted to take delivery of the assets, it was denied access to them by Trustee and by Spire Manufacturing, Inc. ("Spire"), an entity which had been formed shortly before Mesatronic's chapter 7 bankruptcy case, and which had taken possession of Mesatronic's assets and hired Mesatronic's employees weeks prior to the bankruptcy. Spire had been using the assets with the Trustee's acquiescence, and refused to deliver them to ICT. Trustee also refused to accept ICT's check for the balance of the purchase price at that time. Subsequently, Trustee advised ICT that the list of assets previously provided to ICT, and which had been confirmed by ICT's inspection, was not accurate, and that a particularly valuable piece of equipment, a "PVRX-3 system" was not included in the assets ICT believed it had purchased. The Trustee further advised ICT that software integrated into the equipment that was included within the assets that ICT purchased at auction, and which was necessary to run the equipment, was not included in the assets. ICT thereafter declined to pay the balance of the purchase price, without an appropriate credit for the missing assets. Trustee's response to ICT was "sue me."

Trustee thereafter filed this adversary proceeding seeking the difference between the purchase price of the assets at a subsequent auction and the amount bid by ICT, as well as moving and storage costs and rent and other costs, for a total of $98,999. ICT has filed a counterclaim against Trustee for breach of contract, declaratory relief, money had and received and negligence based on Trustee's failure to deliver the assets purchased by ICT. ICT has suffered damages in the sum of $36,000 consisting of the deposit that Trustee has wrongfully retained, in addition to

1160059

2

ICT'S CASE MANAGEMENT CONFERENCE STATEMENT

general and special damages resulting from the failure to deliver the assets purchased, which would have generated substantial revenues and profits for ICT.

Further, as discovery has revealed, Spire, along with its agents and employees, may be held liable on a crossclaim for, among other things, failure to deliver the PVRX-3 system and for removing it from the assets of the Mesatronic bankruptcy estate.

C. ICT agrees that this is a core proceeding and consents to entry of judgment by the Bankruptcy Judge. However, ICT has demanded a jury trial and is entitled to one as a matter of right.

D. ICT proposes to take the depositions of Trustee, his counsel, Barry Milgrom, Bernard Berger, John Darbyshire, and other agents and employees of Mesatronic and Spire.

ICT proposes a discovery cutoff of March 26, 2010, and a pre-trial motion deadline of April 30, 2010.

E. ICT estimates that trial will take one week, and desires a trial no later than June 7, 2010.

F. ICT is a wholly owned company. No other company owns stock of ICT.

Dated: November 12, 2009         TERRA LAW LLP


                                 By: /s/ Breck E. Milde
                                     Breck E. Milde
                                     Attorneys for Defendant and
                                     Counterclaimant International
                                     Contact Technologies, Incorporated