Barry Milgrom, CSBN 99961
Nhung Le, CSBN 209552
LUCE, FORWARD,
HAMILTON & SCRIPPS LLP
121 Spear Street, Suite 200
San Francisco, CA 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
bmilgrom@luce.com
nle@luce.com

Counsel for MOHAMED POONJA,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MESATRONIC USA, INC.<br><br>Debtor. | Case No. 08-53287 RLE<br>Chapter 7<br>Honorable Roger L. Efremsky |
| MOHAMED POONJA, TRUSTEE,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL CONTACT TECHNOLOGIES INCORPORATED,<br><br>    Defendant. | Adversary Proceeding No. 09-05049<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    November 19, 2009<br>Time:    2:30 p.m.<br>Place:    280 South First Street<br>            Courtroom 3099<br>            San Jose, CA 95113 |
| INTERNATIONAL CONTACT TECHNOLOGIES INCORPORATED,<br><br>    Counterclaimant,<br><br>v.<br><br>MOHAMED POONJA, TRUSTEE,<br><br>    Counterdefendant. | |

Mohamed Poonja, Trustee, Plaintiff and Counterdefendant herein, files this Case Management Conference Statement.

301156112.1                                     1

1. <u>Pre-conference meeting</u>. The parties have discussed the matters provided for in the Order Setting Telephonic Case Management Conference on a number of occasions. Among other things, there have already been initial disclosures, one deposition (and another one is set), and one document production. Most recently, the parties spoke on November 12, 2009.

2. <u>Summary</u>. The case involves what is basically a simple breach of contract dispute. The Trustee alleges that Defendant attended and was the successful bidder at an auction for certain equipment, but failed to pay the entire purchase price of $250,000. Defendant apparently wanted to get certain general intangibles of the Debtor, including the customer list and other confidential information on the computers, even though that was not part of what was being sold and Defendant knew that was not being sold. Moreover, Defendant intentionally failed to tell the Trustee that that was what it wanted because it was afraid that Spire, the entity on whose premises the equipment sat and which used/leased the equipment before the sale, would scrub the information from the computers. In fact, Debtor's proprietary information had apparently been scrubbed from the computers much earlier. And Defendant was obviously not entitled to Spire's proprietary information. Defendant showed up at Spire's premises to pick up only the computers without any notice to Spire or to the Trustee and without having paid for the equipment in advance, as was required. (Defendant also breached by not timely paying for the equipment.) It demanded immediate turnover. Spire asked for a few hours to take its proprietary information off of the computer and Defendant balked.

Defendant alleges that the Trustee did not perform. The counterclaim requests return of the $36,000 deposit.

3. <u>Jurisdiction</u>. There is no dispute about jurisdiction or the core nature of the proceeding. Defendant has requested a jury trial (although it is not at all clear that it really wants one). The Trustee does not believe that Defendant is entitled to a jury trial because, among other things, its counterclaim is the equivalent of filing a Proof of Claim against the estate which waives any right to a jury trial. *Langenkamp v. Culp*, 111 S.Ct. 330 (1990). The Trustee prefers to deal with this after the parties make some effort to settle the disputes. If it can't be settled, the Trustee will make a motion to oppose any jury trial claim.

1       4.    <u>Discovery</u>. Some discovery has already taken place. The Trustee anticipates propounding one set of interrogatories and document production and taking a few additional depositions. The Trustee has requested that Defendant agree to a judicial mediation (using either Judge Carlson or Judge Newsome) before expending unnecessary fees and costs. Defendant has not yet determined how it wants to proceed. Absent agreement to proceed to judicial mediation, the Trustee desires discovery cutoff in 90 to 120 days. Plaintiff requests a dispositive motion cutoff (which would only involve the jury trial issue) 30 days after the discovery cutoff.

      5.    <u>Trial</u>. The Plaintiff estimates two days for trial. Plaintiff requests that trial be set 30 days following the dispositive motion cutoff.

      6.    <u>ADR</u>. As noted above, the Trustee would like a judicial mediation with either Judge Carlson or Judge Newsome. Defendant has not yet determined whether they are willing to mediate, but may want some additional discovery first.

DATED: November 13, 2009       LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/Barry Milgrom, Esq., CSBN 99961
    BARRY MILGROM
    Attorneys for Mohamed Poonja,
    Trustee in Bankruptcy

**COURT SERVICE LIST**

Breck E. Milde
Terra Law LLP
177 Park Avenue, 3rd Floor
San Jose, CA 95113

Mohamed Poonja
POONJA & ASSOCIATES
P.O. Box 1510
Los Altos, CA 94023-1510

301156112.1

4

Case: 09-05049    Doc# 21    Filed: 11/13/09    Entered: 11/13/09 11:23:52    Page 4 of 4